PEOPLE, ex rel. ATTORNEY GENERAL, v., A. P. COOK CO.

TAXATION—PART-PAID SWAMP LANDS.
    Upon the people's appeal, the decree of the circuit court, declar-
    ing invalid the taxes assessed for certain years against part-
    paid swamp lands, and sustaining the validity of the taxes
    assessed against them for other years, was affirmed.

Appeal from Ingham; Person, J. Submitted Novem-
ber 15, 1899. Decided December 21, 1899.

Bill by the people of the State of Michigan, on the rela-
tion of Adolphus A. Ellis, attorney general, against the
A. P. Cook Company, Limited, to restrain the removal of
timber from certain part-paid swamp lands delinquent for
taxes. Defendant filed an answer in the nature of a cross-
bill, denying the validity of the taxes, and praying that
a patent be issued on the payment of such taxes as might
be decreed valid. From the decree rendered, complainant
appeals. Affirmed.

*Horace M. Oren*, Attorney General (*Birney Hoyt*, of
counsel), for complainant.

*Taggart, Knappen & Denison*, for defendant.

LONG, J. This proceeding is by an injunction bill on
behalf of the State to restrain the defendant from cutting
and removing timber from about 200 acres of land in St.
Joseph county. The bill was filed in the Ingham circuit
court, in chancery. The lands were included among those
transferred to the State as swamp lands by the act of
Congress of 1850, and were patented to this State in 1854.
In 1855 Addison P. Cook entered into a contract to pur-
chase the lands from the State. This contract was evi-
denced by swamp-land certificates Nos. 1,575 and 1,576,
and the land then became of the class designated as "Part-

Paid Swamp Lands." By the provisions of the statute then in force, and by the terms of the certificates of purchase, no time was fixed within which the remainder of the purchase price should be paid. There was no law in force at that time authorizing the taxation of the interest of the certificate holder in such lands, and it therefore was not subject to assessment. The first law which is supposed to authorize such taxation was passed in 1858. Commencing with the year 1860, the public authorities have attempted to impose taxes upon the premises in question. Such taxes have, with few exceptions, not been paid, but Mr. Cook, the purchaser, and the present defendant, which succeeded to his interest in 1888, have insisted that the premises were not properly taxed. The State has continually declined to issue a patent, for many years insisting that all accrued taxes should be paid as a condition of such issue, and later insisting that the patent, if issued, should contain a reservation of a lien to the State for all taxes which had been assessed. The defendant has been unwilling to accept the patent on such terms, and has not paid the remainder of the purchase price, although it has paid every year the accruing interest.

In 1893 the treasurer of the township where the land is situated filed a bill in chancery in the St. Joseph circuit court against this defendant and others, alleging that it was removing timber from the land, that the township had large claims against the defendant, that the removal of the timber would destroy its security, and asking for an injunction. Pursuant to an agreement, this bill was dismissed, and a similar one filed by the State in the circuit court for Ingham county, in chancery. To this bill the defendant answered, denying the right of the State to the relief sought, and claiming that the taxes were invalid as against the defendant. The defendant also embodied in its answer allegations in the nature of a cross-bill, and asked affirmative relief. It set up its right to receive the patent for these lands, its willingness to pay the remainder of the purchase price and any valid taxes which might

exist, the various reasons why the State had no right to insist upon the payment of these taxes, and asked a decree that, upon the payment of the remainder of the purchase price, the patent should issue; but, while denying the validity of any of the taxes as against it, the defendant offered to pay whatever taxes the court might decree to be valid. The case was heard upon proofs taken in open court, and it was decided that the greater part of the taxes assessed against the property was invalid, but that there was an equitable lien in favor of the State and against the defendant for certain portions of the taxes held to be valid, upon the payment of which, together with the principal and interest remaining unpaid upon the certificates of purchase, the defendant was entitled to receive patents pursuant thereto, and subject only to further liability for taxes legally assessed for the year 1896 and thereafter. From this decree the State has appealed. The defendant, although many of its positions were not sustained by the circuit court, has not appealed.

The decree below recites the findings of the learned circuit judge, and states what taxes are void, and the reason for such holding, and what taxes are held valid, and the reason therefor. It would be of no profit to the parties or to the public to set out here the various claims made by the State and by the defendant. It is sufficient to say that, from a careful examination of the record and the briefs of counsel, we are satisfied that the court below was not in error in the case, and also that the proper decree was entered.

The decree below must be affirmed.

The other Justices concurred.